UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No: 18-cv-8155 |
| v. | ) ) | **COMPLAINT** |
| GRANDAV BODY REPAIR SHOP, INC., | ) ) | (JURY TRIAL DEMANDED) |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful, retaliatory employment practices at defendant GrandAv. Body Repair Shop, Inc., and to provide appropriate relief to a former employee, Marcio Cruz. As alleged below, defendant has engaged in unlawful discrimination by firing Mr. Cruz for filing a discrimination charge with the U.S. Equal Employment Opportunity Commission ("EEOC").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged in this Complaint were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. The EEOC is the federal agency charged with administering, interpreting, and enforcing Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of

Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, GrandAv. Body Repair Shop, Inc. ("GrandAv") has continuously been and is now a corporation doing business in the State of Illinois, City of Chicago, and County of Cook, and has continuously had and does now have at least 15 employees.

5. At all relevant times, GrandAv has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days before this lawsuit's institution, Mr. Cruz filed a charge with the EEOC alleging GrandAv violated Title VII.

7. On February 17, 2016, the EEOC issued to GrandAv a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting GrandAv to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The EEOC engaged in communications with GrandAv to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On April 9, 2018, the EEOC issued to GrandAv a Notice of Conciliation Failure advising GrandAv that the EEOC was unable to secure from GrandAv a conciliation agreement acceptable to the EEOC.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Beginning in or about May 2007, GrandAv employed Mr. Cruz as a Repair Technician.

12. On July 16, 2013, Mr. Cruz filed EEOC Charge No. 440-2013-04136, alleging

GrandAv discriminated against him based on his sex and retaliated against him for engaging in activity protected by Title VII. About two days later, the EEOC mailed GrandAv notice of this charge.

13. On or about July 27, 2013, GrandAv engaged in unlawful employment practices in violation of Title VII by firing Mr. Cruz in retaliation for filing the charge identified in Paragraph 12, above.

14. The effect of the practices complained of in Paragraph 13 above has been to deprive Mr. Cruz of equal employment opportunities and otherwise adversely affect his status as an employee because he filed a discrimination charge with the EEOC, in violation of Title VII.

16. The unlawful employment practices complained of in Paragraph 13 above were intentional.

17. The unlawful employment practices complained of in Paragraph 13 were done with malice or with reckless indifference to Mr. Cruz's federally-protected rights.

PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining GrandAv and its officers, successors, and assigns, and all persons in active concert or participation with them, from engaging in retaliation against any employee, former employee, or applicant for filing a discrimination charge with the EEOC or participating in any way in the investigation or prosecution in court of such a charge;

B. Order GrandAv to institute and carry out policies, practices, and programs which terminate and prevent retaliation Title VII prohibits and eradicate the effects of its past and present unlawful employment practices;

C. Order GrandAv to make Mr. Cruz whole by providing appropriate back pay and lost benefits with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its past and present unlawful employment practices, including but not limited to rightful-place reinstatement;

  D. Order GrandAv to make Mr. Cruz whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 and 14 above, in amounts to be determined at trial;

  E. Order GrandAv to make Mr. Cruz whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 and 14 above, including but not limited to emotional pain, suffering, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

  F. Order GrandAv to pay Mr. Cruz punitive damages for its malicious or reckless conduct, as described in Paragraph 13 above, in an amount to be determined at trial;

  G. Grant such further relief as the Court deems necessary and proper in the public interest; and

  H. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all issues triable by jury.

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street, N.W.
        Washington, D.C. 20507-0100

        Gregory Gochanour
        Regional Attorney

        Jean P. Kamp
        Associate Regional Attorney


        <u>/s/ *Richard J. Mrizek*</u>
        Richard J. Mrizek
        Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Chicago District Office
        500 West Madison Street - Suite 2800
        Chicago, IL  60661
        *Telephone*:   (312) 869-8117
        *Fax*:   (312) 869-8220
        *E-mail*:   gregory.gochanour@eeoc.gov
        *E-mail*:   jean.kamp@eeoc.gov
        *E-mail*:   richard.mrizek@eeoc.gov